IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | No.   CR 00-0932-PCT-EHC |
| | ) | CIV 04-1338-PCT-EHC (DKD) |
| Plaintiff/Respondent, | ) | |
| | ) | **SUPPLEMENTAL REPORT AND** |
| vs. | ) | **RECOMMENDATION** |
| | ) | |
| Travis Eugene Keesee, | ) | |
| | ) | |
| Defendant/Movant. | ) | |
| | ) | |

TO THE HONORABLE EARL H. CARROLL, U.S. DISTRICT JUDGE:

This matter was referred by the District Court for a further Report and Recommendation, following a review of Travis Eugene Keesee's objections to the Court's September 12, 2005 Report and Recommendation. *See* Doc. #223. Keesee argues that he was improperly sentenced as a career criminal pursuant to 18 U.S.C. § 924 (e), the Armed Career Criminal Act, and as a result, trial counsel was ineffective. Because the Court finds that three of Keesee's convictions qualify as separate predicate convictions,[1] it recommends that the September 12, 2005 Report and Recommendation and this Supplemental Report and Recommendation be adopted, and that Keesee's Motion to Vacate, Correct or Set Aside Sentence be denied.

---

[1] The Government concedes that there may have been insufficient evidence to find that Keesee's 1984 Clallam County conviction for burglary was a violent felony under the Act. Therefore, the Court's analysis will be confined to the two Crook County burglary convictions and the Deschutes County burglary conviction.

1        The Government presented evidence at sentencing, including 1) certified copies of
2 fingerprint cards and live testimony of the custodian of records; and 2) authenticated copies
3 of the two Crook County, Oregon burglary convictions, which included a copy of the
4 indictment, Keesee's Petition to Enter a Plea of No Contest, and the Judgment and Sentencing
5 Order. These documents indicated that on three separate occasions Keesee unlawfully
6 entered separate ordinary buildings (Prineville Veterans Club, Prineville Elks Club, Bend
7 Moose Lodge) all identified with a common street address.[2] That is sufficient to qualify each
8 conviction as a predicate conviction for generic burglary under the Act. *See United States*
9 *v. Stephens*, 237 F.3d 1031, 1034 (9th Circ. 2001); *United States v. Kilgore*, 7 F.3d 854, 856
10 (9th Cir. 1993). In addition, Keesee does not dispute that evidence of the Deschutes County
11 burglary conviction is sufficient to qualify as a predicate conviction.

12        **IT IS THEREFORE RECOMMENDED** that Keesee's Objections to the Report and
13 Recommendation be overruled, and that his Motion to Vacate, Set Aside or Correct Sentence
14 be **DENIED** (Doc. #194).

15        **IT IS ORDERED** that Keesee's requests for an evidentiary hearing and appointment
16 of counsel are denied.

17        This recommendation is not an order that is immediately appealable to the Ninth
18 Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
19 Appellate Procedure, should not be filed until entry of the district court's judgment. The
20 parties shall have ten days from the date of service of a copy of this recommendation within
21 which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules
22 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within
23 which to file a response to the objections. Failure timely to file objections to the Magistrate

---

25        [2]In addition, the parties stipulated during trial to Keesee's conviction in Crook County,
26 Oregon on June 18, 1992 in case number 91-CR-0142-15, which is the criminal case in which he pleaded no contest to two counts of burglary of the Prineville Veterans Club and
27 Prineville Elks Lodge. *See* Doc. #137, Attachment 2A; Doc. #167, R.T. 3/13/02 at 123.

1  Judge's Report and Recommendation may result in the acceptance of the Report and
2  Recommendation by the district court without further review. *See United States v. Reyna-*
3  *Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual
4  determinations of the Magistrate Judge will be considered a waiver of a party's right to
5  appellate review of the findings of fact in an order or judgment entered pursuant to the
6  Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

7  DATED this 2nd day of May, 2006.

_____
David K. Duncan
United States Magistrate Judge